IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SHANKS TRITTER & ASSOCIATES, P.C., | § | CASE NO. 00-31161-H4-7 |
| | § | (Chapter 7) |
| Debtor. | § | |

### TRUSTEE'S APPLICATION TO EMPLOY
### PORTER & HEDGES, L.L.P. AS SPECIAL COUNSEL

**To The Honorable Jeff Bohm,**
**United States Bankruptcy Judge:**

Rodney Tow, chapter 7 trustee for Shanks Tritter & Associates, P.C. (the "Trustee") files this Application to Employ Porter & Hedges, L.L.P. ("P&H") as special counsel for the Trustee.

### Application to Employ Porter & Hedges, L.L.P. as Special Counsel

1.  The Trustee desires to employ P&H to assist in the prosecution of the estate's claims set forth in Adversary No. 07-3373 and to liquidate any judgment obtained therein. The employment of P&H is required at this time to protect and preserve the Estate's claims in a parcel of real property and to recover damages for violation of the automatic stay.

2.  P&H maintains offices at 1000 Main Street, 36th Floor, Houston, Texas 77002. P&H's main telephone number is (713) 226-0600. P&H's main fax number is (713) 228-1331.

3.  The Trustee has selected P&H because its members have extensive experience in matters relating to commercial litigation and insolvency law. P&H also has an expertise in the representation of chapter 7 trustees. The Trustee believes that P&H can provide the Trustee with the required legal expertise to allow the Trustee to prosecute effectively the Estate's claims.

4.  The Trustee wishes to designate David R. Jones of P&H as attorney-in-charge. Mr. Jones is admitted to practice before all courts in the Southern District of Texas. The Trustee has selected Mr. Jones because of his substantial experience and specialization in insolvency law

100896

and commercial litigation. The Trustee believes that P&H is well qualified to represent the Trustee.

    5.     P&H will render professional services including, but not limited to:

        a.)     Advising the Trustee with respect to his powers and duties concerning the claims set forth in Adversary Proceeding No. 07-3373;

        b.)     Assisting the Trustee in analyzing the Estate's claims against the defendants in Adversary Proceeding No. 07-3373 and other potential parties;

        c.)     Advising the Trustee with respect to the rights and remedies of the Estate against the defendants in Adversary Proceeding No. 07-3373 and other potential parties;

        d.)     Conducting appropriate examinations of witnesses, claimants and other parties in interest;

        e.)     Preparing appropriate pleadings and other legal instruments required to be filed;

        f.)     Representing the Trustee in certain proceedings before the Court and in any other judicial or administrative proceeding in which the rights of the Estate may be affected;

        g.)     Collecting any judgment that might be entered in favor of the estate; and,

        h.)     Performing any other legal services which may be appropriate in connection with P&H's role as special counsel to the Trustee.

    6.     P&H currently represents the Trustee in other cases. In addition, Mr. Jones has represented the Trustee in various matters over the past 15 years. In addition, P&H represented Mr. Tritter, one of the debtor's former principals, in several unrelated litigation matters and his personal bankruptcy case. Except for the foregoing, P&H has no other connection with the debtor, its creditors, any other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee and is a "disinterested person" within the definition of Section 101(14) of the Bankruptcy Code. *See*

Attached Affidavit. Moreover, the employment of P&H is specifically permitted under 11 U.S.C. 327(e).

### Compensation

7. Subject to Bankruptcy Court approval, the Trustee desires to compensate P&H on an hourly fee basis in accordance with its customary billing practices. P&H has not received any funds from the debtor, the Trustee or any other party in this case. In the attached affidavit, P&H has identified the amount and source of compensation to be paid to P&H for services rendered in connection with the representation of the Trustee in this case. P&H will submit fee applications in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

Accordingly, the Trustee requests the Court (i) to approve the retention of P&H, with David R. Jones designated as attorney-in-charge; (ii) substitute P&H as Trustee's counsel in this case; and (iii) grant such other relief as is just.

**Dated: August 15, 2007.**

Respectfully submitted,

By: _Rodney Tow, Trustee_ w/permission DRJ
Rodney Tow, chapter 7 trustee
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380
(281) 681-9100 (office)
(281) 681-1441 (fax)
**Chapter 7 Trustee**

Porter & Hedges, L.L.P.

By: _David R. Jones /ECF_
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-0600
(713) 228-1331 (fax)
**Proposed Attorneys for the Trustee**

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Bankr. R. 2014, this instrument was served by United States first class mail, with proper postage affixed, addressed to the United States Trustee, 515 Rusk Avenue, Suite 3516, Houston, Texas 77002 on the 15th day of August, 2007.

/s/ David R. Jones
David R. Jones

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SHANKS TRITTER & ASSOCIATES, P.C., § | CASE NO. 00-31161-H4-7 |
| § | |
| Debtor. § | |

### AFFIDAVIT OF PROPOSED SPECIAL COUNSEL
### PURSUANT TO 11 U.S.C. § 329(a) AND BANKRUPTCY RULES 2014 AND 2016(b)

Porter & Hedges, L.L.P. ("P&H"), proposed special counsel for Rodney Tow, chapter 7 trustee for Shanks Tritter & Associates, P.C. (the "Trustee"), states that to the best of its knowledge, P&H represents no interest adverse to the Estate in the matters upon which this firm has been or is to be engaged by the Trustee; that P&H's employment has been and would be in the best interest of this estate; and that the attorneys in this firm are disinterested persons as defined under 11 U.S.C. § 101(14).

In an overabundance of caution, P&H states that P&H represents the Trustee in other matters. In addition, Mr. Jones has represented the Trustee while a member of other firms for the past 15 years. In addition, P&H represented Mr. Tritter, one of the debtor's former principals, in several unrelated litigation matters and his personal bankruptcy case. P&H does not believe that any conflict exists which precludes its unbiased representation of Mr. Tow as chapter 7 trustee in this case.

Except as set forth herein and to the best of its knowledge, P&H has no other connections with the debtor, its creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

Legal representation undertaken by P&H includes (a) advising the Trustee with respect to his powers and duties concerning the claims set forth in Adversary Proceeding No. 07-3373; (b) assisting the Trustee in analyzing the Estate's claims against the defendants in Adversary Proceeding No. 07-3373 and other potential parties; (c) advising the Trustee with respect to the rights and remedies of the Estate against the defendants in Adversary Proceeding No. 07-3373 and other potential parties; (d) conducting appropriate examinations of witnesses, claimants and other parties in interest; (e) preparing appropriate pleadings and other legal instruments required to be filed; (f) representing the Trustee in certain proceedings before the Court and in any other judicial or administrative proceeding in which the rights of the Estate may be affected; (g) collecting any judgment that might be entered in favor of the estate; and, (h) performing any other legal services which may be appropriate in connection with P&H's role as special counsel to the Trustee.

Subject to Bankruptcy Court approval, the Trustee has agreed to pay from the Estate to P&H the reasonable hourly fees for such representation and for expenses incurred during the representation. Attached hereto is a schedule of P&H's customary hourly rates.

To date, P&H has not received any funds from the Trustee or from the Estate in connection with this proposed representation of the Trustee in this Chapter 7 case. To the extent the reasonable fees and the expenses owing to P&H are approved, the Trustee has agreed to pay P&H such amounts from funds of the Estate, subject to final approval by the Bankruptcy Court.

P&H has not promised, either directly or indirectly to share any compensation with any other persons nor does P&H have any agreement for payment of attorney's fees and expenses other than as stated herein.

**Dated: August 15, 2007.**

                                            **Porter & Hedges, L.L.P.**

By: _____
David R. Jones
State Bar No. 00786001/S.D. Tex. 16082
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

SWORN TO AND SUBSCRIBED BEFORE ME, a notary public in the State of Texas, County of Harris, on this the 15th day of August, 2007 by David R. Jones, to certify which, witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

ELIZABETH WINTER
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
FEB. 16, 2010

## PORTER & HEDGES, L.L.P.
### 2007 Timekeeper Billing Rates

| Timekeeper | Billing Rates |
| --- | --- |
| David R. Jones | $425 (Reduced Rate) |
| Joshua W. Wolfshol | $255 |